SULLIVAN, Justice,
concurring in part and dissenting in part:
I concur in the holding that the conviction must be reversed.
I do not agree that videotapes or photographs would be sufficient to overcome the failure of the State to prove beyond a reasonable doubt the age of the victim.
A photograph is not evidence of age. It is a simple matter to ask the prosecutrix how old she is and that taken with her appearance on the witness stand is sufficient. Nothing less is.
Further, I am troubled by the remand of this conviction. While there is a line of cases that would reverse and render, I concede that the majority correctly cites another line of cases that allow for remand.
*921 I find no fault with the majority in relying on the established eases. My problem is with those cases. It seems to me that once the State rests the burden is upon the defendant to then point out to the court wherein the State has failed to meet its burden of proof beyond a reasonable doubt. If the defendant does not do so, we will ignore his contention on appeal; a not inconsiderable penalty. However, we now say, defendant, you must point out the State’s flaw. The trial judge can then allow the State to reopen and correct the flaw if the State so requests or this Court will remand the case to the trial court having explained to the State what it must do to gain its conviction.
I enjoyed Joseph Heller’s novel Catch 22. It was wonderful fiction. It is frightening as an element of the criminal law. I concur that the conviction must be reversed but I would not remand for new trial.
DAN M. LEE, P.J., and McRAE, J., join this opinion.